NO. 07-11-0143-CR
 
 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL D

 SEPTEMBER 13, 2011
 ______________________________

 JUAN DANIEL CANO,

 Appellant

 v.

 THE STATE OF TEXAS, 

 Appellee
 _______________________________
 
 FROM THE 223rd DISTRICT COURT OF GRAY COUNTY;

 NO. 8109; HON. PHIL VANDERPOOL, PRESIDING
 _______________________________
 
 ABATEMENT AND REMAND
 _______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
Juan Daniel Cano, appellant, appeals his conviction for murder. Appellant timely perfected his appeal. The clerk's record was filed on July 1, 2011, and the reporter's record on June 3, 2011. Appellant's brief was due on August 1, 2011. The brief was not filed by that date and on August 9, 2011, the court notified counsel that he had until August 19, 2011, to either file appellant's brief or file an extension motion. On August 11, 2011, counsel for appellant filed a motion to extend the time to file appellant's brief, which was granted to August 31, 2011. To date, neither a brief nor an extension motion have been received by the court.
Those convicted of criminal acts are entitled to effective assistance of counsel on appeal. The failure of counsel to timely prosecute an appeal falls short of rendering such assistance. Consequently, we abate the appeal and remand the cause to the 223rd District Court of Gray County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine 1) whether appellant desires to prosecute this appeal, 2) whether appellant is indigent and entitled to appointed counsel, and 3) whether appellant's current attorney was appointed or retained. The trial court is ordered to execute pertinent findings of fact on these matters. Should it be found that appellant desires to pursue the appeal, is indigent, and his current legal counsel was appointed, then the trial court is ordered to remove appellant's current legal counsel and appoint another to zealously represent appellant's interest on appeal. The name, address, phone number, telefax number, and state bar number of the new attorney must also be included in the court's findings of fact and conclusions of law. Lastly, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. The foregoing supplemental clerk's and reporter's records must be filed by the trial court with the clerk of this court on or before October 13, 2011. Should additional time be needed to perform these tasks, the trial court may request same on or before October 13, 2011.
It is so ordered.
 Per Curiam
Do not publish.